SCHINDLER v. UNITED STATES FIDELITY & GUARANTY CO.

(Supreme Court, Appellate Term.  April 10, 1908.)

INSURANCE—BURGLARY INSURANCE—ACTIONS ON POLICY—EVIDENCE—SUFFICIENCY.

In an action to recover on a policy insuring plaintiff against "direct loss by burglary, larceny, or theft," the evidence showed that plaintiff's wife placed a bag containing jewelry in a closet, the door of which she locked, leaving the key therein, and that she was not in the house in the afternoon of that day until 4:30 or 5 o'clock. It also showed that plaintiff's servant was out during the afternoon, and returned about half an hour before plaintiff's wife, and that the wife again went out at about 8 o'clock in the evening, and on her return found the bag of jewelry missing. Held, that such evidence, standing alone, was not sufficient to sustain a recovery under the terms of the policy.

Appeal from City Court of New York, Trial Term.

Action by Joseph Schindler against the United States Fidelity & Guaranty Company. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and DAYTON, JJ.

Leonidas Dennis, for appellant.
Charles Firestone, for respondent.

PER CURIAM. This action was brought to recover upon a policy issued by the defendant to the plaintiff, insuring the plaintiff against "direct loss by burglary, larceny, or theft." On the morning of February 9, 1904, the plaintiff's wife placed a bag containing jewelry in a closet. She locked the closet, but left the key in the door. She was not at the house in the afternoon until about 4:30 or 5 o'clock. The servant in the employ of the plaintiff was also out during this afternoon, and returned about half an hour before the plaintiff's wife. At about 8 o'clock in the evening the plaintiff's wife again went out. When she returned the bag of jewelry, which she swears she left in the closet, was missing. There was no evidence upon the question of theft or burglary, other than that recited above. The mere fact that the jewelry was missing from the closet where it had been placed was

not, standing alone, sufficient to sustain a recovery under the terms of this policy.

The judgment is reversed, and a new trial ordered, with costs to the appellant to abide the event.

SEABURY, J., taking no part.