GORDON v. ÆTNA INDEMNITY CO. OF HARTFORD, CONN.

(Supreme Court, Appellate Term. May 7, 1909.)

INSURANCE (§ 665*)—BURGLARY INSURANCE—LOSS OF PROPERTY—EVIDENCE.
   Where the evidence merely showed that the property had disappeared from beneath the owner's pillow, she cannot recover the value of such property in an action on a burglary insurance policy.

   [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 665.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Morris Gordon against the Ætna Indemnity Company of Hartford, Conn. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Frederic H. Cowden, for appellant.
Joseph Wilkenfeld, for respondent.

PER CURIAM. The action was brought upon a burglary insurance policy for the loss of a diamond locket belonging to the plaintiff's wife. The facts, briefly stated, are that in the morning of the day on which the loss occurred Mrs. Gordon states that she placed the locket under a pillow in her bedroom on an upper floor of the dwelling house, which was occupied solely by plaintiff's family and two servants; that she then went downstairs, and did not have occasion to return to the upper floor again during the entire day; that when she was about to retire she looked under the pillow and found the locket missing; that she advised her husband of the fact, and he said it would probably turn up somewhere; that she then went downstairs and searched the rooms there for an hour. The next morning the police were notified, detectives came to the house, the two servants and their belongings were searched, but the locket was not found, and is still missing.

It may further be noted that Mrs. Gordon testified that she did not leave the house that day. All this constitutes mere proof of a disappearance. We have already held that such evidence is not sufficient to warrant bringing an action on a policy of this nature. Schindler v. United States Fidelity & Guaranty Co., 58 Misc. Rep. 532, 109 N. Y. Supp. 723. The case at bar is clearly within the doctrine therein stated, and the judgment must be reversed, and the complaint dismissed, for that reason.

Judgment reversed, and complaint dismissed, with costs to appellant in this court and in the court below.