————o————

## 5530.

### (Court of Appeal, Parish of Orleans.)

## WILLIAM KLINE vs. THE OCEAN ACCIDENT AND GUARANTEE CORPORATION, LIMITED.

1. A plaintiff is not required to detail in his petition the character or extent of his proof.
2. The disappearance of artcles does not of itself warrant the inference of their loss by burglary when no proof of violence and forcible entry is offered and where it is not shown that the premises covered by the policy were properly closed.

Appeal from the Civil District Court, Division "C."

Titche & Rogers, for plaintiff and appellee.

T. M. & J. D. Miller, for defendant and appellant.

DUFOUR J.—This is a suit on a contract of insurance against loss by burglary in which it is alleged that the premises covered by the policy were entered by burglars who abstracted and stole therefrom certain property belonging to the plaintiff and his wife.

The policy agrees to indemnify for "direct loss by burglary    *    *    *    occasioned by felonious abstraction from the interior of the house    *    *    *    by any person, except the assured, who by force and violence

has made entrance upon the premises or exit therefrom, of which force and violence there shall be visible evidence.''

An exception of no cause of action based on the failure to allege a forcible and violent entry leaving visible evidence, a condition precedent to recovery under the terms of the policy, was overruled by the trial Judge.

We think the ruling correct; the matter is not one of the nature or extent of the risk assumed by the insurer, but of the nature of the evidence by which the claim may be sustained. A plaintiff is neither expected nor required to detail in his petition the character or extent of his proof. **119 La., 952.**

The plaintiff's testimony is somewhat meagre.

His proofs of loss show that ''there was no visible evidence of the burglary.'' He and his wife were at his store all day and the premises were left unattended. On returning home at about 7 p. m. they found the gate to the chicken yard open, and in a bureau in one of the rooms, an empty jewelry box. It is not shown when, the jewels were last seen in the tray. One window in the front room was unlocked or unbolted. One of the neighbors saw a man on Kline's front gallery ringing the bell on the day of the alleged burglary, another neighbor saw a man at the side kitchen talking to some one.

That the jewelry has disappeared is not denied, but its disappearance of itself does not indicate its loss through burglary; it may be that it was the result of a theft not covered by the policy, and previously committed, though not previously noticed.

White wash and foot prints in the yard, the scattering of earth in the garden, the presence of men in the yard, the overturning of a vase and cutting of a frame in a room, may indicate the presence of sneak thieves, and

do not necessarily prove a forcible entry upon the premises, in the absence of actual proof of violence.

**116 N. Y. Supp., 558.**

In the **Rosenthal case, 128 N. Y. Supp., 553,** cited by plaintiff though there were no visible marks of breaking in, it was proved by witnesses that the thieves threw open the doors and entered the premises armed with pistols.

It is clearly the purpose of the clause in the policy to protect the company against the **res ipsa loquitur** view that burglary may be inferred from disappearance of the objects irrespective of any evidence whatsoever of forcible entry.

Where, as in this case, there is no evidence of forcible entry and it does not appear that all the openings were closed, we do not consider that the plaintiff has made his claim legally certain as one resulting from burglary.

Judgment reversed and plaintiff's demand rejected as in case of non-suit at his costs in both Courts.

April 1st, 1912.

Rehearing refused April 17th, 1912.