(79 Misc. Rep. 232.)

DUSCHENES v. NATIONAL SURETY CO. OF NEW YORK.

(Supreme Court, Appellate Term, First Department. February 7, 1913.)

1. INSURANCE (§ 665*)—LARCENY INSURANCE—PROOF OF LOSS.
Under a policy insuring against direct loss by burglary, theft, or larceny, requiring the assured to produce "direct and affirmative evidence" that the loss was due to such causes, and providing that the disappearance of the articles should not be deemed such evidence, theft or larceny cannot be inferred merely from the disappearance of jewelry from a place in insured's room in a hotel to which only she had legal access; direct and affirmative evidence that the jewelry was taken in commission of a felony being necessary.
[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1555, 1707–1728; Dec. Dig. § 665.*]

2. INSURANCE (§ 146*)—LARCENY INSURANCE—CONSTRUCTION OF POLICY.
A policy insuring against loss from theft, etc., is to be liberally construed in favor of assured.
[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 292, 294–298; Dec. Dig. § 146.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Emily K. Duschenes against the National Surety Company of New York. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued January term, 1913, before SEABURY, LEHMAN, and PAGE, JJ.

Joseph L. Prager, of New York City, for appellant.
Louis E. Felix, of New York City, for respondent.

LEHMAN, J. The plaintiff has recovered judgment against the defendant for the value of a piece of jewelry which she claims was stolen from her apartment in a hotel. The plaintiff's testimony is to the effect that she occupied two rooms in a hotel; that she wore this piece of jewelry the day before the alleged theft, and placed it in a plush case, and then placed the case in a jewelry box on the bureau. Nobody was in the room at this time, except her husband. The next morning her husband left before plaintiff was awake. On that morning the plaintiff took breakfast in the dining room of the hotel. Some time after she returned to her apartment she realized that she was not wearing the jewelry, and, remembering that she had not put on the jewelry that morning, she went to her jewelry box and found the piece of jewelry for which she claims missing. She called her maid, who was working in the next room, and she searched her apartment thoroughly, but failed to find the jewelry or the box in which it was contained.

[1] It appears that plaintiff was accustomed to wear the jewelry or to carry it in the box upon her person. The evidence negatives any probability that, if the plaintiff was carrying the box on her person that morning, it could have escaped from her person. The defendant had insured the plaintiff against direct loss by "burglary.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

theft, or larceny," and her contention now is that the evidence produced by her is sufficient to show that the piece of jewelry was lost by theft or larceny. I am unable to find that the circumstances shown in this case can logically be distinguished from the circumstances shown in the cases of Schindler v. United States Fidelity & Guaranty Co., 58 Misc. Rep. 532, 109 N. Y. Supp. 723, and Gordon v. Ætna Indemnity Co. (Sup.) 116 N. Y. Supp. 558. At most, the plaintiff has submitted evidence which shows that the piece of jewelry has disappeared under circumstances that might perhaps permit an inference that it was stolen. The policy, however, provided that:

"The assured shall also produce *direct* and *affirmative* evidence that the loss of the article or articles for which claim is made was due to the commission of a burglary, theft, or larceny; the disappearance of such article or articles not to be deemed such evidence."

[2] While the policy is to be construed liberally in favor of the assured, I do not think that we can affirm this judgment without entirely disregarding this clause of the policy. No direct or affirmative evidence has been presented of any theft or larceny. We are asked to infer theft or larceny merely from the disappearance of the article from a place to which nobody but the plaintiff had lawful access. The purpose of the insurance was to provide only against loss by burglary, theft, or larceny, and the liability of the defendant was confined to reimbursement for such loss. In order to protect itself from claims under the policy for loss of the articles covered by the policy by reason of some other cause than burglary, theft, or larceny, the company has provided that the insured must produce, not circumstantial, but direct and affirmative, evidence of the wrong. Parties may be mistaken in their recollection of where they placed a piece of jewelry, but they are not apt to be mistaken in recollection as to matters directly and affirmatively showing a felony, and the defendant could reasonably provide that there could be no recovery unless, in addition to the testimony of the disappearance of the jewelry, the insured should produce testimony of a direct and affirmative kind that there has been a felony.

Judgment should therefore be reversed, with costs, and complaint dismissed, with costs. All concur.