(91 Misc. Rep. 539)

### ORLANDO v. GREAT EASTERN CASUALTY CO.   (No. 220.)

(Supreme Court, Appellate Term, Second Department.   September, 1915.)

1. APPEAL AND ERROR ☞927—REVIEW—EVIDENCE—NONSUIT.

On appeal from a judgment of nonsuit, plaintiff is entitled to have the testimony given for him taken as true, and must be given the benefit of all favorable inferences therefrom.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2912, 2917, 3748, 3758, 4024; Dec. Dig. ☞927.]

2. INSURANCE ☞668—BURGLARY INSURANCE—MODE OF LOSS—QUESTION FOR JURY.

In an action on a policy of burglary insurance, the question whether the loss of certain articles was caused by theft held for the jury under the evidence.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1556, 1732–1770; Dec. Dig. ☞668.]

3. INSURANCE ☞665—BURGLARY INSURANCE—NOTIFICATION OF LOSS—SUFFICIENCY OF EVIDENCE.

In an action on a policy of burglary insurance, evidence held sufficient, in absence of contradiction, to justify finding that there was a compliance with the condition of policy as to immediate notification of loss.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1555, 1707–1728; Dec. Dig. ☞665.]

4. INSURANCE ☞539—CONSTRUCTION OF POLICY.

In determining whether the evidence was sufficient to justify a finding that assured had complied with a provision of a policy of burglary insurance requiring notice of loss to be given immediately, the court was obliged to give a liberal construction to the word "immediately."

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1328–1336; Dec. Dig. ☞539.]

5. EVIDENCE ☞148—TELEPHONE CONVERSATIONS—GIVING OF NOTICE TO CITY DEPARTMENT.

In an action on a burglary insurance policy requiring that insured notify the police department of loss, plaintiff's wife was improperly not permitted to testify as to telephone notice to the police department, since, while a witness may not usually testify to a conversation with a particular person over the telephone, unless the voice of such person was recognized by the witness, when a person in the ordinary way calls up a city department to give notice of some fact, the giving of such notice may be proved by the testimony of the one giving it.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 438; Dec. Dig. ☞148.]

6. INSURANCE ☞654—BURGLARY INSURANCE—ACTION ON POLICY—EVIDENCE.

In an action on a policy of burglary insurance requiring that insured notify the police department of any loss, plaintiff's wife was erroneously not permitted to testify whether she had previously had any official busi-

ness, as with a detective, with one wearing a shield, who called at the house after the burglary.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1677, 1680, 1681, 1683–1685; Dec. Dig. ⬦654.]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Nicholas Orlando against the Great Eastern Casualty Company. Judgment for defendant, and plaintiff appeals. Reversed.

Argued September term, 1915, before MADDOX, CRANE, and BENEDICT, JJ.

Francis B. Mullin & Bro., of New York City, for appellant.

Joseph L. Prager, of New York City, for respondent.

BENEDICT, J. Appeal from judgment of the Municipal Court of the City of New York, Borough of Brooklyn, First District, rendered December 15, 1914, dismissing plaintiff's complaint without prejudice, and with costs. The action was on a policy of burglary insurance.

[1] This is an appeal from a judgment of nonsuit, and the plaintiff is therefore entitled to have the testimony given in his behalf taken as true, and must be given the benefit of all favorable inferences that can be drawn therefrom. Plaintiff sues upon a policy of burglary insurance to recover the amount of a loss alleged to have been sustained by burglary. The loss is claimed to have occurred at plaintiff's residence, 274 St. Johns Place, borough of Brooklyn, New York City, on or about December 10, 1913. Two questions are involved: (1) Whether the plaintiff gave sufficient prima facie proof that the loss was one covered by the policy. (2) Whether plaintiff sufficiently showed compliance with the condition of the policy requiring notice of the loss to the defendant and to the proper police authorities.

[2] 1. With respect to the first question, the plaintiff did, in my opinion, give sufficient evidence to have required the submission to the jury, had the case been tried before a jury, of the question whether the loss was the result of burglary, theft, or larceny, against which the policy insured the plaintiff. There was direct testimony that the articles claimed to have been stolen were in a bureau drawer in plaintiff's apartment when he and his wife left, and that two days later, when the wife returned, the drawers in the bureau and sideboard were found opened, the drawer in question "mussed up," and the articles missing. The dismissal was not based by the trial justice upon failure to sustain the burden of proof on that question, but such alleged failure is urged by the respondent here as ground for sustaining the dismissal.

[3] 2. The other question involves a consideration of the terms of the policy. It is provided:

"Immediately upon discovery of any loss the assured shall telegraph notice at the company's expense to the office where the policy was countersigned and to the home office of the company, also give immediate notice at the office of the proper police authorities."

It is also provided that:

"No suit for recovery hereunder may be brought until ninety days after the assured has fully complied with all the requirements of this policy."

It was therefore essential for the plaintiff to prove the giving of notice to the defendant and the police authorities, or else to show a waiver by defendant of these requirements. The loss occurred while plaintiff was in Maine, and it was discovered by his wife on December 12th, according to her testimony. No duty rested upon the wife to give notice, as she was not the assured. Until the plaintiff himself learned of the transaction, there was no one bound to give any notice. Plaintiff's wife wrote him concerning the loss, and received an answer from him. Thereafter she notified Mr. Wetmore, the agent through whom the policy was taken out, and the police department, both by telephone. Plaintiff returned to town on December 23d.

Notice of a loss under the policy was given to defendant in a letter of Mr. Wetmore, dated December 26th, and received by defendant on December 27th. This letter contained no information as to the date of loss or any other particulars. In answer the defendant sent a blank form for proof of loss to Mr. Wetmore. The proof of loss, undated, was apparently received by defendant on January 13, 1914. It gave the date of loss as December 10, 1913, and of notice to the police about December 15th. On January 15, 1914, defendant wrote to Mr. Wetmore, rejecting the claim on the sole ground that there was no evidence of theft or burglary, except that the articles were missing. There was also some evidence that, prior to the letter of December 26th, Wetmore notified the company of the loss by telephone.

[4] While the evidence is very slim in support of the plaintiff's claim of due compliance with the condition of the policy above referred to, I am of the opinion that there was, perhaps, in the absence of contradictory evidence, enough to justify an inference of fact that there was a compliance, especially in view of the liberal construction which we are obliged to give to the word "immediate" in the clause in question. See Trippe v. Provident Fund Society, 140 N. Y. 23, 35 N. E. 316, 22 L. R. A. 432, 37 Am. St. Rep. 529; Ewing v. Commercial Travelers' Mutual Accident Association, 55 App. Div. 241, 66 N. Y. Supp. 1056; Will & Baumer Co. v. Rochester German Insurance Co., 140 App. Div. 691, 125 N. Y. Supp. 606.

[5, 6] I think that plaintiff did not have, in some respects, a fair opportunity to present his case. I think the trial justice was in error in refusing to permit plaintiff's wife to testify as to the telephone notice to the police department, and as to her interviews with a detective or detectives, and in striking out her answers to various questions with respect thereto. While, in this state, a witness may not, usually, at least, testify to a conversation with a particular person over the telephone, unless the voice of such person was recognized by the witness, yet when a person in the ordinary way calls up a city department, like the police department, to give notice of some fact, I think the giving of such notice may be proved by the testimony of the person giving it. With respect to the detective, it was shown that some one wearing a shield called; but the plaintiff's wife was not permitted to show what she had previously known of this person. The rulings on pages 82 and 83, sustaining objections to the questions as

to whether plaintiff's wife had previously had any official business, or any business, with him, were erroneous. I think that justice requires a new trial.

Judgment reversed, with costs of this appeal to appellant, and a new trial ordered.

MADDOX and CRANE, JJ., concur.