## GREAT EASTERN CASUALTY CO. v. BOLI. (No. 994.)

(Court of Civil Appeals of Texas. Amarillo. May 17, 1916. Rehearing Denied June 14, 1916.)

INSURANCE ☞425 — LARCENY INSURANCE — PROOF OF THEFT—"MERE DISAPPEARANCE."

Within a policy against loss by theft, though providing that mere disappearance of property shall not be deemed sufficient evidence of theft, insured's testimony that on a certain night, according to his custom, he took his diamond stud out of his tie, placed it on the dresser in his room, and the next morning discovered its loss, on search, and that for stated reasons he remembered distinctly such disposition thereof by him, is sufficient evidence to go to the jury; the facts testified to constituting more than "mere disappearance."

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1129, 1135, 1143; Dec. Dig. ☞425.]

Appeal from Dallas County Court at Law; T. A. Work, Judge.

Action by L. O. Boli, Jr., against the Great Eastern Casualty Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Saner, Saner, Kimbrough & Turner and Chas. D. Turner, all of Dallas, for appellant. Martin A. Seward and O. F. Wencker, both of Dallas, for appellee.

HENDRICKS, J. The appellee, Boli, sued the appellant, Casualty Company, in the county court of Dallas county, at law, to recover the sum of $425, for the value of a diamond stud, alleged to have been stolen, and the loss covered by a policy of insurance, issued by the appellant, protecting the appellee against loss from burglary, theft, or larceny. The jury returned a verdict, finding that the stud in question was stolen and was of the value alleged, upon which judgment was rendered for said sum.

We think appellee's petition sufficiently exhibits an insurable interest in the property at the time of the issuance of the policy and at the time of the loss, and without discussion overrule the assignments based upon exceptions raising that question.

The real question is whether the appellee sufficiently proved, as a jury question, the loss of the diamond within the purview of the clause of the policy. The policy of insurance sued upon provided that the Casualty Company should insure the appellee "against loss from burglary, theft, or larceny," and clause D of a rider attached thereto provided that:

"Mere disappearance of property shall not be deemed sufficient evidence of burglary, theft, or larceny."

The appellee testified that on Saturday night, May 9, 1914, according to his custom, he took the diamond stud out of his necktie. placed the same on the chiffonier in his room, and the next morning he discovered the loss of the same, upon search. He said he remembered distinctly taking the stud from the tie and examining it under the electric light in his room to see if the prongs were intact, and if the diamond needed cleaning, as he intended to clean the same the next morning, Sunday. The next morning, as he went to place his collar and cuff buttons in his shirt, he noticed that the stud was gone.

Appellant insists that its peremptory instruction, considering the clauses of the policy, should have been given, alleging the insufficiency of the testimony. Appellant cites and copiously quotes from the following New York case, Duschenes v. National Surety Co., 79 Misc. Rep. 232, 139 N. Y. Supp. 881, as one, among others from the same court, as persuasive of this case in its favor. The case of Duschenes v. National Surety Co., supra, was decided by one of the Supreme Courts of New York, and discloses that the plaintiff occupied rooms in a hotel; that she wore the particular piece of jewelry alleged to have been stolen the day before the alleged theft, and after placing the jewelry in a plush case deposited the case in a jewelry box on her bureau. The next morning, after returning from breakfast, she found the jewelry missing from the jewelry box. The defendant had insured the plaintiff against "direct" loss "by burglary, theft, or larceny," and the court said, among other things:

"At most, the plaintiff has submitted evidence which shows that the piece of jewelry has disappeared under circumstances that might perhaps permit an inference that it was stolen."

The particular policy in that case further provided:

"The assured shall also produce direct and affirmative evidence that the loss of the article or articles for which claim is made was due to the commission of a burglary, theft, or larceny; the disappearance of such article or articles not to be deemed such evidence."

This last provision was particularly stressed as an actuating reason for the denial of plaintiff's cause of action; the court further saying:

"That the insured must produce, not circumstantial, but direct and affirmative, evidence of the wrong."

The further comment was:

"Parties may be mistaken in their recollection of where they placed a piece of jewelry, but they are not apt to be mistaken in recollection as to matters directly and affirmatively showing a felony, and the defendant could reasonably provide that there could be no recovery unless, in addition to the testimony of the disappearance of the jewelry, the insured should produce testimony of a direct and affirmative kind that there has been a felony."

The present policy and the one quoted from in the case cited, as will be readily seen, present a marked difference as to the quantum of proof necessary to establish theft, and, unless the clause, "Mere disappearance of property shall not be deemed sufficient evidence," negatives the sufficiency of the proof, we think, upon the evidence, the cause was subject to submission to the jury.

By process of elimination, the New York case, supra, could be considered an authority against the contention of appellant. It is noted that the court said:

"At most, the plaintiff has submitted evidence which shows that the piece of jewelry has disappeared under circumstances that might perhaps permit an inference that it was stolen."

If that be true, the controlling point in that case must have been influenced by the clause requiring that the assured should produce direct and affirmative evidence that the loss of the article was due to the commission of a crime.

We think the clause in this particular policy, that mere disappearance should not be deemed sufficient evidence, is merely the statement of a general legal truth; however, disappearance of the diamond under the conditions stated by appellee, after having been placed upon the chiffonier by him in the evening, and missing therefrom the morning thereafter, would not constitute a "mere disappearance," exempting the insurer from liability. If appellee's testimony is to be believed, and the jury resolved it, the inference is reasonably deducible, as we think the New York court really admitted, that the property disappeared under circumstances exhibiting loss by a criminal act, sufficiently proven as at common law, though

in the New York case not sufficiently established, measured by the quantum of proof contracted for in that policy.

The judgment of the trial court is affirmed.