### STICH v. FIDELITY & DEPOSIT CO. OF MARYLAND.

(Supreme Court, Appellate Term, First Department. May 31, 1916.)

1. INSURANCE ☞646(6)—ACTION ON THEFT POLICY—FELONIOUS ABSTRACTION —PRESUMPTION—RES IPSA LOQUITUR.

In an action upon a burglary insurance policy, by the express terms of which the company's liability depended upon proof of "felonious abstraction," such an abstraction could not be presumed or inferred from a mere loss.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1659–1662, 1664; Dec. Dig. ☞646(6).]

2. INSURANCE ☞665(4)—ACTION ON POLICY—SUFFICIENCY OF EVIDENCE.

In such action, evidence that rings were placed in a hotel room in a box which only two persons were authorized to open, and that neither of these took them, but they were missing, showed a probable abstraction

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

by an unauthorized person with felonious intent, or a "felonious abstraction."

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1722; Dec. Dig. ⊚═665(4).]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by John Stich against the Fidelity & Deposit Company of Maryland. From a judgment of the Municipal Court, and from an order denying a new trial, defendant appeals. Affirmed.

Argued March term, 1916, before LEHMAN, PENDLETON, and WHITAKER, JJ.

Walter G. Evans, of New York City (Walter R. Kuhn, of Brooklyn, of counsel), for appellant.

H. J. Goldsmith and F. E. Goldsmith, both of New York City, for respondent.

LEHMAN, J. [1, 2] The plaintiff can recover only if he shows that the loss of the jewelry insured occurred by "burglary, theft, or larceny." By the express terms of the policy the insurance company is not liable unless the loss is occasioned by "felonious abstraction." A felonious abstraction cannot be presumed, nor can it be inferred from a mere loss. Where the evidence is entirely consistent with a loss by negligence of the party insured or by the innocent act of a third party, the plaintiff has obviously failed to prove a loss by felonious abstraction. In the cases of Schindler v. United States Fidelity & Guaranty Co., 58 Misc. Rep. 532, 109 N. Y. Supp. 723, and Gordon v. Ætna Indemnity Co., 116 N. Y. Supp. 558, the court held that the evidence there presented was not sufficient to show such felonious abstraction. The evidence there showed a loss or disappearance, but that loss or disappearance was not shown to have occurred under circumstances so inconsistant with an innocent disappearance as to fairly raise the inference that the loss was due to felonious abstraction. The court did not there hold that proof of disappearance might not be sufficient to show a felonious abstraction, if the circumstances surrounding the disappearance were not reasonably consistent with disappearance through an innocent cause.

The contract in this case contains no clause providing that a felonious abstraction must be shown by direct evidence, and the court has no right to make such a contract for the parties. In this case the trial judge has held that the circumstantial evidence shows a felonious abstraction, and if the plaintiff's evidence is sufficient to raise an inference to this effect we must affirm the judgment. The plaintiff's evidence shows that his wife placed two diamond rings in a Japanese box. The box was placed in a drawer, and the key to the drawer was hidden under some clothes. No one but the plaintiff's wife and daughter knew where the key was placed. A few days after the diamond rings were placed in the box, the plaintiff's wife looked for them, and they were not in the box. Neither the plaintiff's wife nor daughter had taken them out. The box contained other jewelry, but the missing rings were the only articles of value. The plaintiff and his family

occupied rooms in a hotel, and various employés of the hotel had access to the rooms.

This testimony for the plaintiff was not directly contradicted, and the trial justice has weighed the credibility of the story, and has believed it. Upon this appeal the only serious question is whether this testimony justifies the inference that the jewelry was stolen. It establishes that the jewelry was placed in a box which only two persons were authorized to open. Neither of these persons took out the jewelry. It follows with reasonable probability that some unauthorized person opened the box and extracted the only articles of value. No unauthorized person would have taken the jewelry, except with felonious intent.

It follows that the judgment rests, not on mere suspicion, but on logical inference, and should be affirmed, with $25 costs. All concur.