(97 Misc. Rep. 4)

### HAAS et al. v. FIDELITY & DEPOSIT CO. OF MARYLAND.

(Supreme Court, Appellate Term, First Department.   October 25, 1916.)

1. INSURANCE ☞665(4)—BURGLARY INSURANCE—LOSS—PRESUMPTION AND BURDEN OF PROOF.

In an action on a policy insuring against burglary or theft, to recover the value of a diamond ring, etc., alleged to have been stolen from the insured's residence, evidence *held* to make out a prima facie case of a felonious abstraction of the ring, putting the insurer to its proof with respect thereto.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1722; Dec. Dig. ☞665(4).]

2. TRIAL ☞140(1)—CREDIBILITY OF WITNESSES—ADDITIONAL TESTIMONY.

The fact that the witnesses for the plaintiff in an action upon a burglary insurance policy had added to their testimony as to the method of loss, given on a former trial, was a circumstance to be considered by the jury, but did not, as a matter of law render their testimony incredible.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 334; Dec. Dig. ☞140(1).]

3. APPEAL AND ERROR ☞173(14)—REVIEW—PRESENTATION IN TRIAL COURT.

In an action on a policy of burglary insurance, the insurer's defense that the insured breached a warranty that he had never sustained a loss by burglary or theft could not be considered on appeal, where it was not pleaded.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1116; Dec. Dig. ☞173(14).]

Appeal from City Court of New York, Trial Term.

Action by David Haas and Sarah Haas, as executors of the estate of Leopold Haas, deceased, against the Fidelity & Deposit Company of Maryland. From a judgment of the City Court dismissing the complaint, plaintiffs appeal. Reversed, and new trial ordered.

Argued October term, 1916, before GUY, BIJUR, and SHEARN, JJ.

Prince & Nathan, of New York City (Leon M. Prince and Alfred B. Nathan, both of New York City, of counsel), for appellants.

Arthur C. Mandel, of New York City, for respondent.

GUY, J.   The action was brought by Leopold Haas upon defendant's policy insuring against burglary, larceny, and theft, to recover the sum of $920, the alleged value of a diamond ring, diamond breast pin, and silk robe, claimed to have been stolen from the residence of the holder of the policy between November 16, 1912, and January 7, 1913.   There have been three trials in this case.   Before the first trial the plaintiff died, and the action was continued by his executors.

The testimony introduced by the plaintiffs at the last trial was that Leopold Haas, the owner of the diamond ring, lived at 19 West Ninety-Sixth street; that he was 73 years old, had been ill for a long time prior to November 23, 1912, suffering from hardening of the arteries; that he was very feeble, very sick, partially paralyzed, could not talk very much, and at the time of the alleged disappearance of the property in the care of a man nurse.   On the date named his daughter,

Rebecca Weiner, swore that he wore two rings—a large diamond ring, set in a gypsy setting, that came first (and which according to the testimony had been given him by his wife on the twenty-fifth anniversary of their wedding), and after the diamond ring a very small guard ring. The sick man's room was in the back of the extension on the first floor, separated from the bathroom by a hallway. On November 23d the nurse put Haas into a rolling chair and rolled him into the bathroom, and at the time he was thus taken into the bathroom he wore the diamond ring already described. The nurse closed the bathroom door and locked it, and they were the only persons in the bathroom. In about an hour and a half after they went into the bathroom Mrs. Weiner went into her father's room and saw him in bed; the nurse was not there; the daughter saw that her father did not have the rings on; and the nurse, who did not come back into the room until about 25 minutes after the daughter went there on the second occasion, just came in when she missed them. She immediately went out into the bathroom and looked all over and could not find the rings; she then looked in the tub and found the guard ring, which was larger than the diamond ring, in the sieve; with others of the family she looked under the mat, in the hall, and all over in her father's room, but could not find the diamond ring. A plumber was then sent for, and in the presence of Mrs. Weiner and other members of the family he examined the bathtub and the strainer, tore up the tiled floor, located the trap, made an opening in the trap, so that he could see into it, and get his hand into it, and other members of the family put their hands into the trap, but there was nothing found there. He then, with one or more members of the family, went downstairs to the main sewer in the cellar, opened the cover of the main trap, and put his hand down and brought out a lot of sediment, rust, pins, needles, and stuff gathered there, but could not find the ring. After November 23d the plumber examined the main trap two or three times, and found some little brass rings there. He tried to put a 5-cent piece through the strainer of the bathtub, but it would not go through. The diamond ring was never found. The testimony of Mrs. Weiner and of the plumber was corroborated by other members of the household. At the close of the plaintiffs' case the learned trial court dismissed the complaint, on the ground that the "proof of larceny is insufficient."

[1] Upon the record made by plaintiffs the defendant should have been put on its proof with respect to the diamond ring. The plaintiffs were not required to show by direct evidence a felonious abstraction of the property; it was enough if they showed circumstances sufficient to raise an inference that the property was feloniously abstracted; and we are of opinion that the plaintiffs made out a prima facie case. Stich v. Fidelity & Deposit Co. of Maryland, 159 N. Y. Supp. 712; Orlando v. Gt. Eastern Casualty Co., 91 Misc. Rep. 539, 155 N. Y. Supp. 20; Fienglass v. New Amsterdam Casualty Co., 151 N. Y. Supp. 371.

[2] That plaintiffs' witnesses had added to their testimony given on the former trials was a circumstance to be considered by the jury

in arriving at their verdict; it did not as matter of law render their testimony incredible.

[3] Respondent claims that the holder of the policy breached the warranty that he had never sustained a loss by burglary, theft, or larceny; but, as this defense was not pleaded, it cannot be considered on the appeal.

Judgment reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.