CHICAGO—FIRST DISTRICT—APRIL, 1920.    171

Zech v. New Jersey. Fidelity & Plate Glass Ins. Co., 218 Ill. App. 171.

## Harry A. Zech, Appellee, v. New Jersey Fidelity & Plate Glass Insurance Company, Appellant.

### Gen. No. 25,114.

INSURANCE, § 668*—*when evidence shows loss within burglary policy.* In an action under an insurance policy insuring plaintiff against "direct loss by burglary, theft or larceny of any of the property of the assured, * * * occasioned by its felonious abstraction from the interior of the house, building, apartment or rooms actually occupied by the assured, * * * by any domestic servant or other employee of the assured or by any other person or persons," and not requiring the assured to produce direct evidence that the loss of the article for which a claim shall be made was due to the commission of a burglary, theft or larceny, where, under the agreed statement of facts, only plaintiff, his wife and their laundress had rightful access to the plaintiff's bedroom, and only plaintiff and his wife had rightful access to the chiffonier drawer in which the diamond pin alleged to have been stolen was placed, and negligence on the part of plaintiff or his wife is negatived, as is also the fact that the pin was innocently mislaid, such agreed facts are sufficient to raise an inference of the felonious abstraction of the pin by the laundress or by some other person, such as a sneak thief, and will support a finding of the issues against the insurer.

Appeal from the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1919. Affirmed. Opinion filed April 30, 1920.

ZIMMERMAN & GARRETT, for appellant.

CHARLES H. WELLS, for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

This is an appeal from a judgment for $200, rendered by the municipal court of Chicago in favor of plaintiff and against the defendant insurance com-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

pany. The action is based upon an insurance policy against burglary or theft. A trial was had before the court without a jury and upon an agreed statement of facts. The court found the issues against the defendant and assessed plaintiff's damages at the sum of $200, and the judgment followed.

The policy in question insured plaintiff against "direct loss by burglary, theft or larceny of any of the property of the assured, * * * occasioned by its felonious abstraction from the interior of the house, building, apartment or rooms actually occupied by the assured, * * * by any domestic servant or other employee of the assured or by any other person or persons, * * *." It does not require the insured, as some policies do, to produce direct or affirmative evidence that the loss of the articles for which a claim is made was due to the commission of a burglary, theft or larceny.

From the agreed statement of facts it appears, *inter alia,* that plaintiff was the owner and possessor of a diamond stick pin of the value of $200; that on September 13, 1917, plaintiff, as was his usual custom when not wearing the pin, placed a small box containing the pin in a drawer of a chiffonier in his bedroom in the interior of his residence in Chicago; that he used all reasonable care to protect the premises and pin from loss or damage; that the premises were occupied during the month of September, 1917, by the plaintiff and his wife and by no other person, except that during the day of September 13, 1917, a laundress and maid of all work (who was employed one day each week by plaintiff's wife and had been for about six months previously) had free access to plaintiff's bedroom and to other parts of said residence during the day of the week she was employed on the premises; that plaintiff's wife was in said residence during the day of September 13, 1917; that on September 14, 1917, plaintiff went to said chiffonier drawer and the box and pin

were not there; that both plaintiff and his wife made diligent search therefor extending over a period of several months after September 13, 1917, and the same could not be found on the premises, and that neither plaintiff nor his wife have been able to locate said box or pin; that immediately after discovering that said pin had disappeared plaintiff notified the police officials of the City of Chicago that in his opinion said pin had been taken by theft from said premises; that he filed with defendant due proof of loss as required by the policy; and that there was no other burglary or theft insurance upon said pin.

Under the agreed statement of facts, only three persons had rightful access to the plaintiff's bedroom, viz., plaintiff, his wife and said laundress or maid; and only plaintiff and his wife had rightful access to the drawer of the chiffonier where said box and pin had been placed; and the fact of negligence on the part of plaintiff or his wife is negatived by said agreed statement, as is also the fact that the pin was innocently misplaced or lost. We think that the agreed facts are sufficient to raise an inference of the felonious abstraction of the pin by either said laundress or maid or by some other person such as a sneak thief.

In *Bailey v. Fraternal Reserve Life Ass'n,* 202 Ill. App. 430, 435, it is said: "An insurance contract has but one object, indemnity, and all conditions and provisions therein which have for their sole aim the purpose of defeating the object of the contract are strictly construed against the insurer." In *Stich v. Fidelity & Deposit Co. of Maryland,* 159 N. Y. Supp. 712, a case decided on appeal from the Municipal Court of the Borough of Manhattan, first district, the action was on a similar policy to the one here in question. The evidence disclosed that plaintiff's wife had placed two diamond rings in a Japanese box, which box was placed in a drawer, and the key to the drawer was

174   APPELLATE COURTS OF ILLINOIS.

Zech v. New Jersey Fidelity & Plate Glass Ins. Co., 218 Ill. App. 171.

hidden under some clothes; that no one but plaintiff's wife and daughter knew where the key was placed; that a few days after the rings were so placed, plaintiff's wife looked for them and they were not in the box; that neither plaintiff's wife nor daughter had taken them out; and that plaintiff and his family occupied rooms in a hotel, and various employees of the hotel had access to the rooms. From these circumstances the trial court inferred that the rings had been stolen and entered a finding and judgment against the insurance company. On appeal the judgment was affirmed. The court said (p. 713):

"The plaintiff can recover only if he shows that the loss of the jewelry insured occurred by 'burglary, theft or larceny.' By the express terms of the policy the insurance company is not liable unless the loss is occasioned by 'felonious abstraction.' A felonious abstraction cannot be presumed, nor can it be inferred from a mere loss. Where the evidence is entirely consistent with a loss by negligence of the party insured or by the innocent act of a third party, the plaintiff has obviously failed to prove a loss by felonious abstraction. In the cases of *Schindler v. United States Fidelity & Guaranty Co.*, 58 N. Y. Misc. Rep. 532, 109 N. Y. Supp. 723, and *Gordon v. Aetna Indemnity Co.*, 116 N. Y. Supp. 558, the court held that the evidence there presented was not sufficient to show such felonious abstraction. The evidence there showed a loss or disappearance, but that loss or disappearance was not shown to have occurred under circumstances so inconsistent with an innocent disappearance as to fairly raise the inference that the loss was due to felonious abstraction. The court did not there hold that proof of disappearance might not be sufficient to show a felonious abstraction, if the circumstances surrounding the disappearance were not reasonably consistent with disappearance through an innocent cause. The contract in this case contains no clause providing that a felonious abstraction must be shown by direct evidence, and the court has no right to make

Zech v. New Jersey Fidelity & Plate Glass Ins. Co., 218 Ill. App. 171.

such a contract for the parties.   *   *   *   Upon this appeal the only serious question is whether the testimony justifies the inference that the jewelry was stolen.   It establishes that the jewelry was placed in a box which only two persons were authorized to open.   Neither of these persons took out the jewelry.   It follows with reasonable probability that some unauthorized person opened the box and extracted the only articles of value.   No unauthorized person would have taken the jewelry, except with felonious intent.   It follows that the judgment rests, not on mere suspicion, but on logical inference, and should be affirmed.''

We think the reasoning in this New York case is applicable to the present case.   In *Miller v. Massachusetts Bonding & Insurance Co.*, 247 Pa. St. 182, it was decided that in a policy of insurance against theft even the provision, that the assured should produce direct and affirmative evidence that the loss of the article was due to the commission of a burglary, theft or larceny, does not preclude a recovery where there is circumstantial evidence from which a jury might infer that the property had been feloniously taken.

For the reasons indicated the judgment of the municipal court is affirmed.

*Affirmed.*

MR. PRESIDING JUSTICE MATCHETT and MR. JUSTICE BARNES concur.