Helen D. Simond, Appellee, v. The Liverpool and London and Globe Insurance Company, Limited, Appellant.

Gen. No. 26,103.

1. INSURANCE, § 668*—*what evidence is necessary to show theft in action for burglary insurance.* No direct evidence showing a felonious taking is required to recover on a policy of theft insurance where the provisions of the policy require no such proof.

2. INSURANCE, § 668*—*when evidence is sufficient to show loss by theft in action on burglary policy.* Where plaintiff while traveling on a Pullman sleeping car placed her diamond ring upon a window ledge and left it there upon leaving the car to take exercise at a station, and upon her return the ring was gone and not discovered after thorough search and there were only five persons in the car during the absence of the plaintiff, such evidence was sufficient to warrant a finding of felonious taking by one of those persons.

Appeal from the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in this court at the March term, 1920. Affirmed. Opinion filed October 11, 1920.

CHARLES B. OBERMEYER, for appellant.

WEISSENBACH, HARTMAN, CRAIG & CERMAK, for appellee; BRYAN Y. CRAIG, of counsel.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Plaintiff was insured in the defendant company under a policy colloquially designated in insurance circles as a "personal effects floating policy" to an amount limited to $500.

Plaintiff while traveling in the State of New York on a Pullman sleeping car placed a three-diamond ring which she removed from her finger at about 9 o'clock in the morning of October 13, 1917, upon the window ledge in the section which she was occupying during the trip. At this time the train stopped in the station at Buffalo, and plaintiff, leaving her ring on the window sill, alighted from the car for a little exercise before partaking of breakfast in the dining car, and upon her return the ring was gone.

The cause was tried by the court and there was a finding and judgment in favor of plaintiff for $536, being the value of the ring with interest thereon from the date of the commencement of the suit to the date of the judgment, and defendant appeals.

The real bone of contention in the case is whether the ring was lost or stolen. If lost, the defendant insurance company is not liable; if stolen, it is.

The decision of the trial court was based upon the evidence of plaintiff and her witnesses, defendant failing to put in any evidence on its part but proffered a motion for a finding in its favor on the contention that there was no evidence tending to show that the ring was lost to plaintiff by burglary, theft or pilferage or by reason of any risk or hazard covered by the policy.

Defendant insists that there is no direct evidence showing a felonious taking. It is a sufficient reply to this contention that the terms of the policy did not require any such proof, for as said in *Stich v. Fidelity & Deposit Co. of Maryland*, 159 N. Y. Supp. 712: "The contract in this case contains no clause providing that a felonious abstraction must be shown by direct evidence, and the court has no right to make such a con-

tract for the parties." *Zech v. New Jersey Fidelity & Plate Glass Ins. Co.*, 218 Ill. App. 171.

Plaintiff testifies that she left the ring on the window ledge two or three minutes before she walked out of the car; that she got out on the station platform and walked the length of two or three cars, when remembering where she left her ring, hurried right back to the car and went to the window ledge of her seat for the ring but it was gone; that the train was standing still in the depot when she placed the ring on the window ledge and that the train did not move while she was walking the length of two or three cars; that on returning to her seat the porter was in the next seat apparently at work; that there were only four passengers in the car besides herself, two women and two men, who were apparently foreigners, as plaintiff had heard them talking in a foreign tongue; that these four persons had seats on the opposite side of the aisle from plaintiff; that as soon as plaintiff discovered her ring was gone she told the porter, who was in the next seat, to get the station policeman; that she asked the two women passengers if they had seen the ring and they said no; that she spoke to the two men, but they merely jerked their shoulders and said "No English." Plaintiff then summoned the conductor and asked that the passengers be searched, which the conductor quite properly declined to do on the ground that he had no authority, and therefore the passengers were not searched. Plaintiff asked the conductor to get a station policeman but he declined on the ground of the lack of time, although he promised to wire back to Buffalo so that he might get some sort of a wire at the next station or along the line. He kept his promise to wire Buffalo after the train pulled out and plaintiff and the conductor got off at each stop thereafter to see if there was any message. None was received from the Pullman Company and nothing was done by the conductor. The same four passengers were on the car

Simond v. The L. & L. & Globe Ins. Co., Ltd., 219 Ill. App. 300.

when plaintiff got off at Elmira, her destination, between 2 and 3 o'clock in the afternoon. On her arrival at Elmira plaintiff reported the loss of her ring to the chief of police and sent to Buffalo an advertisement to put in the Buffalo newspapers advertising for the ring and offering a reward. Plaintiff returned to Chicago a week later and reported the loss of her ring to the defendant company and duly filed with it a proof of her loss. She never recovered the ring and the company, denying liability, never requited her for her loss.

From this testimony and all the environing circumstances we think that the trial judge might reasonably find therefrom that the ring was feloniously taken by either the porter or one of the four persons of foreign tongue who were in the car. If the ring had not been stolen it would have been discovered upon the thorough search which was made by plaintiff and the Pullman porter.

We think a reasonable construction of the policy is that its terms covered just such an occurrence as testified to by plaintiff.

We think the judgment of the municipal court is sustained by the proofs, and it is therefore affirmed.

*Affirmed.*

DEVER and McSURELY, JJ., concur.