JOHN RATOMSKI, Appellant, *v.* EDWARD M. QUITTNER, Defendant, Impleaded with CONSOLIDATED GAS COMPANY OF NEW YORK, INC., Respondent.

MARY RATOMSKI, Appellant, *v.* EDWARD M. QUITTNER, Defendant, Impleaded with CONSOLIDATED GAS COMPANY OF NEW YORK, INC., Respondent.

First Department, October 30, 1925.

Gas and electricity — negligence — action to recover for injuries suffered when gas exploded in home — leak in service pipe — plumber called defendant on telephone thirty-six hours before accident and notified someone apparently in defendant's office about leak — question for jury whether notice was sufficient — it seems notice by telephone is sufficient.

In an action to recover damages for injuries suffered when gas exploded in an apartment adjoining plaintiff's apartment, the evidence was sufficient to raise a question of fact for the jury as to the reasonableness of notice to the defendant, since it appears that the gas entered the apartment through a leak in the service pipe; that a plumber who was called to discover the defect found a leak and telephoned the defendant's office thirty-six hours before the accident and notified someone who was apparently connected with the defendant's office about the leak, giving the exact location of the premises and the apartment.

*It seems,* that in case of emergencies, when one calls the number of the gas company on the telephone and notifies someone apparently in charge of the office of the existence of the emergency, a reasonable notice is given and failure to attend upon such notice may be found in fact to constitute negligence.

APPEAL in the first above-entitled action by the plaintiff, John Ratomski, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 22d day of May, 1922, upon the dismissal of the complaint at the close of the entire case, and also from an order entered in said clerk's office on the 21st day of May, 1922, denying said plaintiff's motion for leave to go to the jury on the issues involved.

Appeal in the second above-entitled action by the plaintiff, Mary Ratomski, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 22d day of May, 1922, upon the dismissal of the complaint at the close of the entire case, and also from an order entered in said clerk's office on the 21st day of May, 1922, denying said plaintiff's motion for leave to go to the jury on the issues involved.

*Speiser & Speiser* [*Milton Speiser* of counsel; *Joseph Speiser* with him on the brief], for the appellants.

*Shearman & Sterling* [*Chauncey B. Garver* of counsel], for the respondent.

McAVOY, J.:

The complaints in these actions were dismissed apparently because the court considered that there was no notice to the defendant Consolidated Gas Company of the defective condition of their inlet pipe which exploded on May 10, 1918, at the premises No. 164 East One Hundred and Twenty-seventh street, New York city, injuring both plaintiffs. These plaintiffs were tenants in the premises occupying an apartment on the second floor. Five days prior to the day of the accident they discovered the odor of gas coming from a vacant apartment on the same floor as theirs. Plaintiff John Ratomski says that he notified the janitress about the odor and she promised him to notify the landlord. The premises were owned by Edward M. Quittner, who was the other defendant. The defendant gas company supplied the gas to the premises. On the day of the accident, the 10th of May, 1918, the odor became so noticeable that on the evening of that day John Ratomski went to the janitress and procured a key to the door immediately adjacent to his own apartment, so as to open the windows and permit the gas in the other apartment to flow out. He opened the door of his apartment where a light was burning in his kitchen and unlocked the door leading into the kitchen of the vacant apartment where the gas was escaping. After walking a few feet, an explosion and a fire took place and he was injured. Mary Ratomski, his wife, was also injured in the resultant blaze. The expert called by plaintiffs said that the gas explosion was caused by the illuminating

gas in the vacant apartment distributing itself into the next apartment and coming into contact with the light in the gas jet in the plaintiffs' apartment a few feet away from where the explosion took place.

One Arnold Dehman, who was a lessee of a part of the premises, said that on the morning of the accident at eight o'clock he went to the apartment. Dehman is a plumber, and he made a thorough inspection. He found that there was no leak in the fixtures, but he found a leak in the inlet pipe of the meter which was under the control of the gas company, and that gas was escaping from this point. After this inspection he closed the windows and told the janitress not to show the apartment to prospective tenants and then called the gas company by telephone at its branch at One Hundred and Fourteenth street and Third avenue; that he asked for the complaint desk to report leaks. There was a response to this request and a person answered the telephone at what appeared to be the gas company's office and he described in detail where the premises were and asked to have some one attend to the leak.

The complaint against Quittner was dismissed because he was not in control of the premises at the time of the accident.

The complaint against the gas company was dismissed because it was found that the proof just described was insufficient, since there was no evidence as to who answered the call on the telephone made by Dehman, and further because no negligent act of the gas company was proven which connected it with the happening of the accident.

It is our opinion that the proof of the telephone conversation was sufficient to carry the case to the jury on the question as to whether or not a reasonable notice was given to the company and whether or not such person as received the notice was in the employ of the company. We think it a proper holding in emergencies, such as the flow of water or gas, that when one gets a company's number in control of the supply from the usually consulted telephone book and calls its main or branch offices a day and a half in advance of the happening of an accident to notify the person or corporation of a dangerous condition, a reasonable notice was given and that failure to attend upon such notice may be found as a fact to be neglect. It would seem to be the duty of the company to have a person of sufficient intelligence and capability at the telephone for the purpose of recording messages of this character, since it would be the most likely means and one usually employed to give this information. Whether Dehman called or not or whether he got the correct number is, of course, dependent upon his credibility. It is the common experience when one receives

a wrong number and asks for a specific service which he wishes rendered, that he is immediately notified by the person called that an incorrect call has been given. From such experience, therefore, this proof indicated a reasonable notice of the character of the danger to plaintiffs' person or property through an agency under defendant's control which defendant company ought to have endeavored speedily to prevent.

The judgments and orders dismissing the complaints should be reversed and a new trial ordered, with costs to the appellants to abide the event.

CLARKE, P. J., DOWLING, FINCH and BURR, JJ., concur.

In each case judgment and order reversed and new trial ordered, with costs to the appellant to abide the event.