Donato Ventricelli, Respondent, v. Morton Coal Co., Inc., Appellant.—
Appeal by defendant in an action for damages for personal injuries from a judgment
for plaintiff, entered on a jury verdict, and from an order denying defendant's
motion to set aside the verdict and to dismiss the complaint. Judgment and order
reversed on the law, with costs, and complaint dismissed, with costs. Plaintiff
was guilty of contributory negligence as matter of law, as was obvious to the trial
court from the trial justice's remarks during the trial. Plaintiff also created the
condition which caused the accident, and he assumed the risk on the theory
expressed in the maxim *volenti non fit injuria.* (*Zurich G. A. & L. Ins. Co.* v.
*Childs Co.,* 253 N. Y. 324, 327. See, also, *Weller* v. *Consolidated Gas Co.,* 198 id.
98, 101; *Bernhardt* v. *American Railway Express Co.,* 218 App. Div. 195, 197.)
Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ., concur.

Lucia Virzi and Ignazio Virzi, Plaintiffs, v. Kings County Lighting Com-
pany, Defendant.— Action for personal injuries suffered by the plaintiff wife as a
consequence of being asphyxiated by gas because of the alleged negligence of the
defendant lighting company. Also companion action of the plaintiff husband for
expenses and loss of services. Motion by plaintiffs pursuant to an order of the
trial court directing that plaintiffs' exceptions be heard in the first instance by the
Appellate Division, pending the decision of a motion for a new trial, upon the
ground that certain rulings respecting the receipt of evidence were erroneous.
Plaintiffs' exceptions unanimously sustained so that a new trial may be granted,
with costs to the plaintiffs to abide the event. The sustaining of defendant lighting
company's objection to the testimony of the witness Anna Virzi, respecting the
alleged telephone conversation at nine A. M. on August 31, 1935, was erroneous.
She should have been permitted to testify to that conversation. (*Ratomski* v.
*Quittner,* 214 App. Div. 186; *Orlando* v. *Great Eastern Casualty Co.,* 91 Misc. 539,
543.) The ruling of the trial court that the evidence of repairs of the service pipe
was not some proof of control of that pipe by the defendant lighting company was
erroneous. (*Morrell* v. *Peck,* 88 N. Y. 399; *Bateman* v. *N. Y. C. & H. R. R. R.
Co.,* 47 Hun, 429.) Present — Lazansky, P. J., Carswell, Johnston, Adel and
Close, JJ.