FRANK ALBERTS v. JOHN TORRENT, MAYOR OF THE CITY OF MUSKEGON.

*Municipal corporations—Compensation of aldermen—Construction of charter.*

1. The provision of the charter of the city of Muskegon which limits the compensation of aldermen for services, either as councilmen, aldermen, or otherwise, to a yearly salary of $100, prevents their receiving extra compensation while acting *ex officio* as members of the boards of registration or as inspectors of election.

2. Where an alderman has received such extra compensation, the mayor has no power to deduct it from the alderman's salary, and refuse to sign a warrant for the full amount.

*Certiorari* to Muskegon. (Dickerman, J.) Submitted on briefs January 2, 1894. Decided January 26, 1894.

Petitioner applied to the circuit judge for a *mandamus* to compel the respondent to sign certain orders, and brings *certiorari* to review the order of the circuit judge denying

the writ. Reversed. The facts are stated in the opinion.

*Smith, Nims, Hoyt & Erwin,* for petitioner.

*Sessions & Bassett,* for respondent.

GRANT, J. This is an amicable proceeding to test the right of the aldermen of the city of Muskegon to compensation as members of the boards of registration and inspectors of election. The common council voted the relator and other aldermen compensation for such services at the rate of three dollars per day. This action was vetoed by the mayor, but was passed over his veto. The respondent refused to sign the warrants, whereupon the relator filed this petition for the writ of *mandamus.*

Section 16, tit. 5, of the charter[1] provides that the aldermen shall be members of the council, and conservators of the peace, and that—

"No alderman shall be elected or appointed to any other office in the city during the term for which he was elected as alderman, or appointed to any other office in the city within one year thereafter."

Section 40, tit. 5, provides that—

"The aldermen shall not be allowed to receive more than $100 each in any year, as compensation for their services."

Section 14, tit. 6, provides that—

"No member of the common council, or alderman, shall receive any compensation for his services, either as councilman, alderman, or otherwise, except as herein provided."

The following charter provisions bear upon the question:

Section 3, tit. 2: "One of the aldermen of each ward and a competent elector of each voting precinct, to be designated by the common council, shall constitute a board of registration for each of the voting precincts respectively.

---

[1] Act No. 304, Local Acts of 1889.

In case either member of such board of registration may be absent or unable to attend any meeting of the board of registration, the other member of said board may choose a competent elector of said voting precinct to act as a member of said board, subject to the approval of the electors present, to be determined by a *viva voce* vote. * * * All proceedings relating to such registration of electors shall be the same as those provided by law for townships, so far as they are not inconsistent with the provisions of this act."

Section 7, tit. 3: "One alderman of each ward and a competent elector of each voting precinct, to be designated by the common council, shall be inspectors of election in such voting precinct, and of the State, county, and district election. And in case of the absence of one or more of such inspectors, the electors present may choose *viva voce* from their number one or more competent persons, who shall be an elector or electors of such voting precinct, to fill such vacancy or vacancies, to whom shall be administered the constitutional oath by either of said inspectors, or by any justice of the peace."

1. Counsel for relator contend that these services are in no sense aldermanic duties, and are not covered by any provisions of the charter precluding aldermen from acting upon such boards, and receiving compensation therefor. We cannot concur in this view. Such a construction would, in our judgment, be in violation of the plain terms of the charter. The aldermen are made members of these boards by virtue of their official position as aldermen. It is a service for the municipality, which they are authorized and directed to perform by the express terms of the charter; and section 14 of title 6, above quoted, expressly prohibits the receipt of any compensation, except as provided in the charter; and no provision is made for compensation for such services, but the compensation is limited to a yearly salary, not exceeding $100. As to this question, the writ should be denied.

2. Respondent insisted upon the right to deduct from

the relator's salary an amount which had previously been paid him, on a resolution passed by the council and a warrant signed by the mayor *pro tem.*, for similar services at a previous election. We do not think the mayor had the right to refuse to sign warrants for amounts legally due, because the aldermen had previously received money to which they were not legally entitled. The mayor is not clothed with judicial power to pass upon such questions. Such moneys can be recovered back in a suit instituted for that purpose, in which case the alderman will have "his day in court."

It is unnecessary, under the circumstances, to issue the writ, as both parties are willing to comply with the opinion of the Court. No costs will be allowed.

The other Justices concurred.