v. Shubert, 217 N. Y. 212, 111 N. E. 829, forbids the application of the statute to the state of facts recited here. It may be conclusively determined, after an examination of the last-quoted authorities that:

"The Legislature did not intend to confer upon every person all the rights, advantages, and privileges in places of amusement or accommodation, which might be enjoyed by another. Any discrimination not based upon race, creed, or color does not fall within the condemnation of the statute."

It would seem, then, that the common-law right still remains with those not engaged as common carriers, or in like occupations, to discriminate between persons according to rules established, where the person applying for accommodation is objectionable for some reason. Otherwise, persons unclean, untidy, intoxicated, or affected by disease might claim the same attention in a crowded restaurant or other public place as those against whom no objection could be urged. Brandt v. Mink, 38 Misc. Rep. 750, 78 N. Y. Supp. 1109.

Whether or not plaintiff had a remedy at common law for any indignity or humiliation caused by the act of the defendants need not be considered here, although some of the authorities cited on the plaintiff's brief discussed that question. This action is brought solely on the theory that the plaintiff is entitled to recover a penalty or forfeiture given under the Civil Rights Act where a violation occurs.

It follows that the verdict in favor of the plaintiff, rendered as directed by the court, must be set aside, and the defendants should have judgment dismissing the plaintiff's complaint on the merits. Ordered accordingly.

---

POLSTEIN v. GENERAL ACC., FIRE & LIFE ASSUR. CORP.

(Supreme Court, Appellate Division, First Department. April 28, 1916.)

INSURANCE &⇒665(4)—BURGLARY INSURANCE—ACTIONS—EVIDENCE—SUFFI-CIENCY.

    In an action on an insurance policy, where the condition of liability was proof of larceny, proof of a loss of jewelry, where the circumstances did not show the method of loss or inhibit an inference of misplacement, etc., will not warrant a judgment against the insurer.

    [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1722; Dec. Dig. &⇒665(4).]

Appeal from City Court of New York, Trial Term.

Action by Isaac Polstein against the General Accident, Fire & Life Assurance Corporation. From a judgment for defendant, plaintiff appeals. Determination and judgment affirmed.

See, also, 90 Misc. Rep. 3, 152 N. Y. Supp. 906, 157 N. Y. Supp. 1142.

The opinion by Judge McAvoy, in the City Court, follows:

The condition of liability is the proof of larceny. Without its occurrence no predicate of damage can arise. Proof of persuasive nature must be given of every fact essential to the judgment or finding of a larcenous taking. Proof means evidence consisting of a direct communication of knowledge acquired through the senses of the happening of the fact itself, or evidence of a combination of facts called circumstances, from which the fact required to be

---

established is necessarily inferred. It is a judicial postulate that inference must be legitimately derived from the proven circumstantial facts and follow their establishment to the extent of at least moral certainty. All possible error is, of course, not excluded in any human mode of trial of facts. A doubt should not survive the proof, in the sense of doubt as to where the greater weight of evidence lies. Here a conclusion ought not to have been reached that the proof of circumstances justified the inference of a caption and asportation. A loss of the jewelry is undoubted. The method is not proven. The circumstances do not inhibit a misplacement, or other disposal not recalled. For this lack I must hold the verdict unauthorized, and, upon the reservation at the trial, direct a verdict for the defendant.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGH-LIN, SCOTT, DOWLING, SMITH, DAVIS, and PAGE, JJ.

C. Goldzier, of New York City, for appellant.
J. L. Prager, of New York City, for respondent.

PER CURIAM. Determination and judgment affirmed, with costs. Order filed.

———————

GOUERT v. MECHANICS' & METALS NAT. BANK OF CITY OF NEW YORK et al.

(Supreme Court, Special Term, New York County.   May 8, 1916.)

JUDGMENT ⬤➩712—CONCLUSIVENESS—PERSONS CONCLUDED—UNKNOWN OWN-ERS.

One who loaned stockbrokers negotiable bonds, to be shown to examiners as assets, which bonds were hypothecated by the brokers with their bank, and by the bank sold under collateral loan agreement before notice from the owner, is concluded by decree, though she was not a party, in a suit against the bank by a customer of the brokers, determining the title to assets in the hands of the bank.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1233; Dec. Dig. ⬤➩712.]

Action by Maybelle D. Gouert against the Mechanics' & Metals National Bank of the City of New York and others. Complaint dismissed.

House, Grossman & Vorhaus, of New York City, for plaintiff.
Frank M. Patterson, of New York City, for defendant Mechanics' & Metals Nat. Bank.
Leon Lauterstein, of New York City, for defendant Gilbert.
William P. Fisher, in pro. per.

NEWBURGER, J. In February, 1910, the defendants Stoppani & Hotchkin executed a general collateral agreement with the defendant the Mechanics' & Metals National Bank whereby the said firm agreed from time to time to deposit certain securities as collateral for loans to be made to them by the bank. The firm from time to time borrowed certain sums of money and deposited certain bonds and stocks as collateral security. On the 18th day of May, 1914, the firm of Stoppani & Hotchkin failed, and made a general assignment to Abraham S. Gilbert for the benefit of their creditors, at which time they were indebted to the Mechanics' & Metals National Bank in the