EMERY *v.* THE OCEAN ACCIDENT & GUARANTEE
CORPORATION.

1. INSURANCE—BURGLARY INSURANCE—NONJOINDER OF PARTIES.
    In an action on a policy of burglary insurance by one of
    several parties named as assured, where plaintiff was the
    sole owner of the property stolen for which recovery is
    sought, defendant's contention that plaintiff could not re-
    cover because of nonjoinder of the other parties assured,
    *held,* properly overruled, since the policy, although in form
    a joint one, was evidently intended to cover the several as
    well as joint property of the parties, as evidenced by the
    provision that "the release of either the assured or the
    actual owner of the property shall relieve the corporation
    from all further liability."

2. SAME—SPLITTING CAUSE OF ACTION.
    Where plaintiff was the sole owner of the property insured,
    was entitled to enforce the whole claim, and her recovery
    will relieve defendant from further liability therefor,
    her action without joining the other parties assured, *held,*
    not a splitting of the cause of action.

3. SAME—SPECIAL DEFENSES—NOTICE—PLEADING—AMENDMENTS—
ABUSE OF DISCRETION.
    In said action, where the defense of failure to give imme-
    diate notice as required by the policy was not pleaded,
    the denial of a motion to amend in this respect after the
    proofs were closed and the witnesses dismissed, *held,* not
    an abuse of discretion.

4. SAME—EVIDENCE—SUFFICIENCY.
    Evidence *held,* sufficient to support an inference that the
    property insured had been stolen.

5. TRIAL—EVIDENCE—INCONSISTENT TESTIMONY FOR THE JURY.
    Where the testimony of a witness is inconsistent, the ques-
    tion as to which statements should be given credence
    is for the jury.

6. INSURANCE—CIRCUMSTANTIAL EVIDENCE—SUFFICIENCY.
    Where there was nothing in a burglary insurance policy to
    the contrary, circumstantial evidence establishing the
    fact that an insured article had been stolen, *held,* suffi-
    cient.

On several and joint property covered by burglary and theft
insurance, see notes in 46 L. R. A. (N. S.) 564; L. R. A. 1918B,
565.

Error to Kalamazoo; North (Walter H.), J., presiding. Submitted January 7, 1920. (Docket No. 20.) Decided February 27, 1920.

Assumpsit by Elma L. Cahill-Emery against The Ocean Accident & Guarantee Corporation, limited, on a policy of burglary insurance. Judgment for plaintiff. Defendant brings error. Affirmed.

*Alfred J. Mills*, for appellant.

*Harry C. Howard*, for appellee.

BIRD, J. Plaintiff resides in the city of Kalamazoo with her husband and family. On November 16, 1916, Ralph Emery, her husband, took out a policy of insurance in the defendant company in which it agreed, in consideration of certain premiums then paid, to indemnify the assured against direct loss by burglary, theft or larceny of their personal property of the class described in a schedule annexed thereto, up to the amount of $1,000. Plaintiff was included among those named in the policy as the assured.

In the fore part of June, 1917, plaintiff lost a diamond pin of the value of $750. She became satisfied, on June 9th, that it had been stolen, and soon thereafter the local agent of the company was notified of the loss. The defendant investigated the circumstances attending the loss, but, after doing so, refused to pay the claim on the ground that while the pin appeared to "be missing" the proofs were not sufficient to establish that it had been stolen. Persisting in its refusal to pay, plaintiff brought this suit to enforce her claim, and a jury awarded her the full amount of it.

1. Defendant argues that no recovery can be had in this suit because of the nonjoinder of the other parties mentioned with her as assured in the policy.

The persons named as assured in the policy are Ralph Emery, Elma Cahill-Emery, Lee H. Cahill and Margaret Cahill Hazelton, and the dwelling in which they reside is described as 421 W. South street, Kalamazoo, Kalamazoo county, Michigan. The contract, in part, is as follows:

"The Ocean Accident & Guarantee Corporation * * * hereinafter called 'the corporation,' in consideration of the payment of the premium specified herein, and of the statements, in the schedule forming a part hereof * * * agrees to indemnify the assured for direct loss by burglary, theft or larceny of any property of the assured described in the schedule hereinafter given and stated to be insured hereunder, occasioned by its felonious abstraction from the interior of the house, building, apartment or rooms actually occupied by the assured, and described in said schedule and hereinafter called 'the premises,' by any domestic servant or employee of the assured, or by any other person or persons excepting any person whose property is insured hereunder, and for direct loss by damage to said property and to the said premises caused by burglars or thieves.

"It is understood and agreed that for the purposes of this insurance, property belonging to any permanent member of the household of the assured who does not pay board or rent, except domestic servants or other employees, or property belonging to a relative of the assured permanently residing with him, is deemed to be the property of the assured. In the event of claim for loss of such property the release of either the assured or the actual owner of the property shall relieve the corporation from all further liability."

While the policy in form is a joint policy we think it was obviously the intention of the parties that it should cover the several property as well as the joint property of the assured. Without doubt the suit would have been properly planted had it named as plaintiffs all of the assured. *Graves* v. *Insurance Co.*, 82 Iowa, 637 (49 N. W. 65). But we can see no legal

or valid reason why Mrs. Emery cannot recover as plaintiff, inasmuch as it is conceded that she was the sole owner of the pin, and since it is expressly agreed in the contract that a release from her "shall relieve the corporation from all further liability." This view finds support in the following:

"Ordinarily one of two beneficiaries in an insurance policy cannot maintain an action to enforce the policy without making the other a party, especially where they are jointly insured, but where a policy of insurance covers property owned in severalty by two persons insured, one of the owners may maintain an action in his own name to recover for a loss affecting his portion of the property, or both may join and recover the full loss." 14 R. C. L. p. 1425.

This doctrine was applied in the case of *Beebe* v. *Insurance Co.*, 93 Mich. 514 (18 L. R. A. 481). In that case plaintiff brought suit upon two fire insurance policies to recover for a loss. In one of the policies Sophia Webb was named with her as the assured, but none of her property was destroyed. Objection was made there, as here, that plaintiff Beebe should have joined Sophia Webb as a co-plaintiff. In answering that contention this court said:

"It appeared in the findings of the court that no part of the property belonging to Sophia Webb was destroyed by fire. The property covered by policy No. 1,441 belonged partly to the plaintiff and partly to Sophia Webb, each owning in severalty their respective shares, although the property thus secured was commingled and used in common by them for farming purposes. * * * It is evident that, if the property of both of the insured under this policy had been destroyed by fire, a joint action could have been brought by them, and the proceeds of the judgment afterwards apportioned between them according to their respective interests in the property. *Castner* v. *Insurance Co.*, 46 Mich. 18.

"In the above case it was said:

" 'When the entire property belongs to the persons insured, it can make no necessary difference to the insurer in what way their interests are apportioned. If they deem it material, they should inform the applicant before accepting his money.'

"In the present case, much more clear is it that the insurer should not take advantage of this fact, for the reason that Mr. Morris, the agent, was fully informed where the title rested, and had assured the plaintiff that her interests were fully protected under the policies   *   *   *   Each owned in severalty and they were the absolute owners of it."

To hold that plaintiff has a right, as plaintiff, to maintain this suit will not result in splitting the cause of action. She was the sole owner of the property. Therefore, she is entitled to enforce the whole claim, and in the event that she succeeds in having her judgment affirmed by this court, her satisfaction of the judgment will relieve the corporation from all further liability. Defendant's contention in this respect must be overruled.

2. The stipulations in the policy required immediate notice to be given to the police authorities in event of a loss for which a claim was to be made. Defendant claims that this notice was not given. Plaintiff's counsel does not concede this, but insists that if it were not given, the defense is not available to the defendant because not pleaded in compliance with Circuit Court Rule No. 23, § 4. At the close of the trial the defendant asked permission to amend its notice in this respect, but the application was denied. It is now argued by defendant that this was an abuse of discretion. In view of the fact that this defense must have been known to defendant some considerable time before the plea and notice were filed, and as the application to amend was not made until the proofs were closed and the witnesses dismissed, we cannot say that a denial of the motion was an abuse of discretion.

3. Contention is made that the evidence of theft or larceny of the pin was not sufficient to justify the jury in reaching the conclusion that it had been stolen. It is said that the most the evidence shows is, that the pin is missing. Plaintiff testified that she kept the pin in a drawer in her dresser under her handkerchief box, that she kept it wrapped in white tissue paper, and that the last time she wore the pin was on the evening of June 3d. That when she returned home she placed it in its usual place, and when she went to look for it on June 9th it was gone, although the paper in which it was wrapped was there. She also testifies that she made a thorough search but was unable to find it. Mr. Emery corroborates her in her testimony that she wrapped it in the paper and put it away when she returned on the evening of June 3d. Mr. and Mrs. Emery, during that time, were the only members of the household who were at home, and both testified that they had not seen it since that occasion and that they knew nothing as to its whereabouts. Between the 3d and 9th of June a maid was employed in the family, but left soon thereafter. It further appears that between the 3d and 9th of June workmen were in the house redecorating the rooms. Counsel argues that Mrs. Emery's testimony does not show that she was certain she placed the pin in its usual place when she returned from the social function on the evening of June 3d. At some stages of the cross-examination she did appear to be uncertain as to this fact, but later she made the statement positive, as will be shown by the following:

"Q. But you have no independent recollection of it outside of these facts?

"A. Well, I am sure I did it, and that is all there is about it; I know positively I did it. Perhaps Mr. Emery was in the room when I did it."

If it can be said that her testimony was inconsist-

ent as to this fact, the question as to which statements should be given credence was one for the jury. *Kelly* v. *Freedman*, 56 Mich. 321; *Watson* v. *Watson*, 58 Mich. 507; *People* v. *Hansen*, 183 Mich. 565; *Parnell* v. *Pungs*, 190 Mich. 638; *Burtch* v. *Child-Hulswit & Co.*, 207 Mich. 205.

To furnish direct proof that an article of the character involved here has been stolen is usually attended with much difficulty. Nothing has been called to our attention in the policy which would prevent the fact being shown by circumstantial evidence. If it were competent for plaintiff to establish the fact that it had been stolen by circumstantial evidence, we think the testimony was sufficient to support an inference that the pin had been stolen. For cases which discuss the *quantum* of evidence necessary to establish the fact, see *Miller* v. *Insurance Co.*, 247 Pa. St. 182 (93 Atl. 320); *Reed* v. *Bonding Co.*, 102 Neb. 113 (166 N. W. 196); *Stich* v. *Fidelity & Deposit Co.*, 159 N. Y. Supp. 712; *Haas* v. *Fidelity & Deposit Co.*, 160 N. Y. Supp. 1101; *Hornbeck* v. *Insurance Co.*, 195 S. W. 1054; *Great Eastern Casualty Co.* v. *Boli* (Tex. Civ. App.) 187 S. W. 686; 38 Cyc. p. 277; 9 C. J. p. 1099.

As we find no reversible error in the record the judgment will be affirmed.

MOORE, C. J., and BROOKE, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred with BIRD, J. STEERE, J. concurred in the result.