## Charles H. Foster, Appellee, v. The Liverpool and London Globe Insurance Company, Ltd., Appellant.

### Gen. No. 26,101.

1. INSURANCE—*what sufficient to show larceny within meaning of theft policy.* Where a customer in a store removed a brooch and stuck it in the back of an upholstered settee in a small fitting room while she was having a dress fitted, and, upon leaving, forgot the brooch, which had disappeared and could not be found half an hour later when she returned, larceny of such brooch is reasonably to be inferred, in an action upon a policy of theft insurance covering such brooch.

2. INSURANCE—*when verdict in action of theft policy not excessive.* A verdict in an action on a policy of theft insurance cannot be said to be excessive where it is based on competent and undisputed proof of the market value of the article when taken.

3. DAMAGES—*when proof of value in excess of amount alleged in statement of claim and affidavit admissible.* Plaintiff, in an action on a policy of theft insurance, is not precluded from proving a value of the stolen article, which is within the *ad damnum* clause, because the statement of claim and affidavit in support thereof averred a lesser value.

Foster v. The Liverpool and L. G. Ins. Co., Ltd., 222 Ill, App. 37.

4. EVIDENCE—*when affidavit in support of statement of claim not admission.* An affidavit in support of a statement of claim cannot be treated as an admission when it has not been put in evidence.

Appeal from the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1920. Affirmed. Opinion filed October 4, 1921.

CHARLES B. OBERMEYER, for appellant.

MILLER, GORHAM, WALES & NOXON, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

Defendant insurance company insured plaintiff (appellee) on personal property, including jewelry, against all risks and perils by theft among other things. Claiming larceny of a brooch plaintiff sued to recover its value, which was testified to be $1,750. The verdict and judgment were for that amount with legal interest from the date of loss.

The brooch disappeared under the following circumstances: Plaintiff's wife when wearing it went to a sales shop and was shown into a small room there for the purpose of having a gown fitted. The only furnishings in the room were an upholstered settee, a mirror, a carpet and portieres at the door. On removing her outer garments plaintiff unfastened the brooch, which had a safety clasp, and pinned or stuck it on the back of the settee. On redressing, her attention having been diverted, she went away leaving the brooch where she had so placed it. She was there but a few minutes. Noticing, after an absence of probably less than thirty minutes, that she did not have the brooch and recalling at once where she had left it, she returned immediately to the shop where a thorough and fruitless search for the article was made. The evi-

Foster v. The Liverpool and L. G. Ins. Co., Ltd., 222 Ill. App. 37.

dence and circumstances indicate that the article could not have reasonably disappeared from where she placed it otherwise than by a felonious taking of it. It would easily attract attention set as it was with sapphires and diamonds of the value stated. A waiting customer with another fitter entered the room as she left it and later it was occupied by other customers. All these facts were undisputed. Defendant offered no evidence and moved for a directed verdict.

Appellant's main contention is that these facts are insufficient to establish theft, contending that it is a case of mere disappearance, consistent with loss from negligence, and under circumstances from which a felonious taking will not be inferred.

It is true as said in *People v. Csontos*, 275 Ill. 402, that where the finder does not know who the owner is and there is no claim of ownership, there is no larceny although the finder takes the goods and converts them to his own use. But in the case at bar, the article was never "lost" or "found," in the sense in which those terms are employed in the class of cases cited by appellant, the facts of which we need not stop here to distinguish from a state of facts where the article is left in a particular place under circumstances indicating that it would remain there unless deliberately removed. That the brooch could otherwise have disappeared the jury may properly have deemed too remote for consideration, and being a civil suit it was not incumbent upon plaintiff to prove theft beyond a reasonable doubt as the jury were to decide the case from a preponderance of the evidence. (*Foster v. Graf*, 287 Ill. 559.)

Any one so removing the article could immediately have ascertained who was the owner for the fitter saw Mrs. Foster pin it on the settee and was requested not to let her forget it. She was not in the room, however, when Mrs. Foster left it.

Whether the brooch while left so pinned was constructively in the possession of the owner or was left in the custody of the fitter or proprietor of the shop, the careless placing of it there gave no one else the right to remove it and take it from the shop. Whoever took it manifestly knew he had no right to it and had reason from the circumstances to know that inquiry would have revealed the owner. From such circumstances we think larceny is reasonably inferred. A customer might as well have taken any other article from the shop without permission or giving information of the fact. It was not like picking up a lost article in a highway or finding it in a public place or under circumstances indicating it was actually lost.

It was said in *Lawrence v. State*, 1 Humph. (Tenn.) 228, that to place a pocketbook upon a table and omit or forget to take it away is not to lose it in the sense in which authorities speak of lost property; and in *State v. Courtsol*, 89 Conn. 564, it was said that property so left is treated as constructively in the possession of the owner although in the custody of the person in whose shop it is left. These rulings too were made in criminal cases. We think the evidence sufficient to sustain the averment of theft.

It is urged that the verdict is excessive. It is based on competent and undisputed proof of the market value of the article when taken, and we do not think that plaintiff was precluded from proving a value within the *ad damnum* because the statement of claim and affidavit in support thereof averred a lesser value. Nor can the affidavit, not having been put in evidence, be treated as an admission on the subject.

We have examined a given instruction complained of but do not think the jury could have been misled thereby or into the nice distinctions made in appellant's criticisms of it. Nor do we think there was error either in refusing a submitted instruction on the

presumption of innocence or one predicated on the loss of property in a public place.

*Affirmed.*

GRIDLEY, P. J., and MORRILL, J., concur.