## Henry C. McDuff vs. General Accident Fire and Life Assurance Corp., Ltd.

### December 22, 1925.

Present: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)  Burglary.  Insurance.  Question for Jury.  Direction of Verdict.*

In an action on a policy of burglary insurance it appeared that rings were missing from a box in which they had been placed five days before; neither the room nor the box was locked; a child's playroom was across the hall; two servants were employed in the house; and within a few days prior to the discovery of the loss two other employees of plaintiff worked in the room.

*Held,* that motion for direction of verdict on behalf of defendant was properly denied, as the inference to be drawn from the undisputed testimony on the issue of theft, required its submission to the jury.

*(2)  Burglary Insurance.  Proof of Loss.*

Policy of burglary insurance required that insured should give affirmative proof of loss under oath including a statement containing sufficient evidence of the commission of a burglary, theft or larceny, to which the loss was due, and his belief as to the time of its occurence.

*Held,* where it is impossible to obtain direct evidence of loss by theft such loss may be proved by circumstantial evidence, and in the case at bar, it was enough if insured showed circumstances sufficient to justify the inference that they had been stolen.

*(3)  Burglary Insurance.  Proof of Loss.*

In an action on a policy of burglary insurance where it appeared that rings were placed in a jewel box; that four persons had access to the room where the box was kept; that no person was authorized by insured to take the rings from the box; it was not unreasonable to infer that the person who did take them did so with a felonious intent; and the fact that three years had elapsed between the discovery of the loss and the date of the trial was a circumstance which might be considered by the jury in deciding whether the rings were mislaid or stolen.

*(4)  Burglary Insurance.  Evidence.*

In an action on a policy of burglary insurance evidence of plaintiff as to the cost of a ring and the weight of a diamond in it was admissible where plaintiff had testified that he bought the ring of a jeweler.

Rathbun and Barrows, JJ., dissenting.

Assumpsit.  Heard on exceptions of defendant and overruled.

Sweeney, J. This is an action of assumpsit to recover the value of two diamond rings alleged to have been stolen from plaintiff's house. After trial in the Superior Court the jury returned a verdict for the plaintiff. Defendant's motion for a new trial was denied by the trial justice, and the case is now before this court on defendant's exceptions.

It appears in the record that the defendant issued a policy agreeing to indemnify the plaintiff for direct loss by burglary, theft or larceny of certain personal property, including jewelry belonging to his wife, occasioned by its felonious abstraction from the interior of his house by any domestic servant, employee or other person, excepting the persons whose property was insured.

Plaintiff's wife owned two diamond rings and testified that for six years she always kept them in a small jewel box on a dresser in her bedroom, when not wearing them; that Sunday morning, October 9, 1921, she opened the box and the rings were not in it, although she had put them in it the previous Tuesday. October 13, 1921, plaintiff told the defendant's local agent of the loss of the rings. The next day he wrote a letter to the agent stating that the rings were worn October 4, and missed October 9. At the time of the disappearance of the rings the plaintiff and his wife occupied a single house. Mrs. McDuff's bedroom was on the second floor of the house, but it was not kept locked, and the jewel box was not locked. They had two children, aged six and five years. The children had a play room across the hall from their mother's bedroom. Several small children in the neighborhood had access to the play room. A domestic servant lived in plaintiff's house, and another woman was employed there three days each week. Within a few days prior to the discovery of the loss of the rings two male employees of plaintiff put glass tops on some furniture in the bedroom. Plaintiff testified that he had confidence in all of the employees mentioned, but believed that somebody had taken the rings and that his wife had not mislaid them.

Defendant claims exceptions to the denial of its motions for a directed verdict and for a new trial. These motions were based upon the contention that the evidence was insufficient to prove the loss of the rings by theft or larceny. Upon the evidence presented the trial justice could not say, as a matter of law, that the rings were not feloniously abstracted from the jewel box. The inference to be drawn from the undisputed testimony on this issue required its submission to the jury. *Wright* v. *Mass. Bonding Co.*, 8 C. C. A. Tenn. 108; *Haas* v. *Fidelity & Deposit Co.*, 160 N. Y. S. 1101.

Plaintiff's policy required that, upon the discovery of any loss, he should give affirmative proof of loss under oath including a statement containing sufficient evidence of the commission of a burglary, theft or larceny, to which the loss was due, and his belief as to the time of its occurrence.

This requirement as to proof of loss is similar to that stated in *Fienglas* v. *New Amsterdam Casualty Co.*, 151 N. Y. S. 371, in which the plaintiff obtained judgment upon proof of theft by circumstantial evidence. It is often impossible to obtain direct evidence of the loss of jewelry by theft and such loss may be proved by circumstantial evidence. *Miller* v. *Mass. Bonding & Ins. Co.*, Pa. 93 A. 320. The plaintiff was not required to prove by direct evidence the theft of the rings; it was enough if he showed circumstances sufficient to justify the inference that they had been stolen. The trial justice, at the request of the defendant, instructed the jury that in order to recover, the plaintiff must prove by a preponderance of the evidence that the rings were taken by some person with the intention of stealing them; and if the rings were simply lost by the plaintiff or his wife, or mislaid by them, the plaintiff was not entitled to recover.

The testimony of plaintiff and his wife is direct and positive that the rings were placed in the jewel box. It appears that four other persons had access to the bedroom in which the box was kept. No person was authorized by the plaintiff or his wife to take the rings from the box and

it is not unreasonable to infer that the person who did abstract them, did so with a felonious intent.   Cases holding the defendant liable for theft on circumstantial evidence are *Wolf* v. *Aetna A. & L. Co.*, 170 N. Y. S. 787; *Stich* v. *Fidelity & Deposit Co.*, 159 N. Y. S. 712; *Haas* v. *Fidelity & Deposit Co.*, *supra; Fienglas* v. *New Amsterdam Casualty Co.*, *supra.*   The three years elapsing between the discovery of the loss of the rings and the date of the trial was a circumstance which might be considered by the jury in deciding whether the rings were mislaid or stolen.   After a careful consideration of the evidence, as it does not clearly appear that the decision of the trial justice in denying the motion for a new trial on the ground that the verdict was against the evidence was erroneous, the exception thereto is not sustained.

Defendant has two exceptions to the admission of the testimony of the plaintiff as to the cost of one of the rings and the weight of the diamond in it.   The testimony was admissible as the plaintiff had previously testified that he purchased the ring in 1914 of a jeweler.   In *Motton* v. *Smith*, 27 R. I. 57, the court held it reversible error for the plaintiff to testify to the value of jewelry because it was not shown that she had any knowledge of the value of such articles; but on reargument, p. 62, the court said that if the plaintiff was present when the jewelry was bought, her evidence as to value would be admissible.

The other exceptions have been considered and found to be without merit.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment for the plaintiff upon the verdict.

Barrows, J., dissenting with whom concurs Rathbun, J. In addition to the facts appearing in the majority opinion the evidence shows that the bedroom door was "kept open all the time"; that plaintiff's back yard was large and a play ground where numerous children from five to seven years of age gathered and that they were "in and out of the

play room", opposite plaintiff's open bedroom; that one of plaintiff's male employees does now and has worked for plaintiff for fifteen years and the evidence is not clear how long the other worked for plaintiff; that the domestic servant and the other helper had been employed for some time prior to the loss and continued to work for plaintiff after it; that all were regarded as absolutely trustworthy and none of them were suspected; that the only reason for plaintiff and his wife to believe the rings had been stolen was because they were gone; that $10 in money in a bureau drawer was untouched and that plaintiff's wife does not testify that she talked with children or servants about the disappearance.    It also appears that two types of insurance policy are in vogue, one covering loss from any cause, the other loss from "felonious abstraction". The present policy is of the latter type.

The cases cited in the majority opinion do not convince us that the verdict in this case was warranted.   They and other cases referred to in a note in 46 L. R. A., N. S. 567, agree that "felonious abstraction" can not be presumed, that the burden of proof thereof is on plaintiff and that such abstracting can not be inferred merely from unexplained disappearance.   The weight of authority and reason likewise, even where "direct loss" and "affirmative proof" are required, justifies inference of theft from circumstances. This is because such theft is always furtive.   Whether circumstances justify the inference will often be for the jury. We can not concede because theft is a question of fact that it must in substantially all cases go to the jury as suggested in *Wright* v. *Mass. Bonding Co.*, *supra*.   There must be not only evidence from which an inference of theft might be drawn, but it must be of a nature not consistent with honest disappearance.   As said in the *Stich* case, *supra*, "When the evidence is entirely consistent with a loss by the innocent act of a third party, the plaintiff has obviously failed to prove a loss by 'felonious abstraction' ".   In the *Fienglas*

case, *supra*, plaintiff's evidence excluded the presence of children and all others except a suspicious stranger.

It seems to us that the inference from the evidence in the present case was equally, if not more, consistent with inno-· cent childish abstraction than with felonious taking. The only ground for the latter inference was the possibility of theft by one of four trusted employees. The possibility of abstraction by children less than seven years of age was equally open and entirely inconsistent with the former possibility. Dishonesty is the exceptional not the usual human action and it does not seem to us that a jury is warranted in drawing the inference of theft against trusted employees unless plaintiff has substantially eliminated explanations of disappearance inconsistent with theft. *Garner* v. *N. J. Fidelity & Plate Glass Ins. Co.*, 200 S. W. 448; *Schindler* v. *U. S. Fidelity & Guaranty Co.*, 109 N. Y. S. 723. Upon argument plaintiff accepted this principle and stated that he believed he had sustained the burden; that he did not consider the possibility of children as having taken the rings as of serious moment. The majority of the court evidently accept this view. To us, however, the presence of small children and the possibility of their being attracted by the rings seems to be a circumstance so vital that while it exists no inference of felonious abstraction can be supported. *Polstein* v. *Gen. Acc.*, 158 N. Y. Supp. 868. In the *Wolf* case, *supra*, the court says the disappearance "must be under circumstances which even if not excluding the possibility of mistake point strongly and persuasively to the conclusion that a theft was committed". We find neither strength nor persuasiveness in the conclusion of theft in the case at bar. There is a point beyond which inferences may not be extended. This court recently held that where there is no contrary evidence an inference of causation may be drawn from slight circumstances. *Langley* v. *Woolworth*, 47 R. I. 165. To us that case seemed to go to the extreme limit. This case goes further. The inferences to be drawn are clearly consistent, either with

liability or non-liability and it seems to us that plaintiff has not met the burden of proving his case.   *Ford* v. *McAdoo,* 231 N. Y. 155 at 162.

We think the court erred at least in refusing a new trial and, if the possibility of innocent childish abstraction can not be eliminated, in our opinion a verdict should be directed.

*James E. Brennan,* for plaintiff.

*Edwin C. Markel, Quinn, Kernan & Quinn,* for defendant.