STANDARD ACCIDENT INSURANCE COMPANY v. TROPICAL STATE BANK.

186 So. 805.

Division B.

Opinion Filed February 24, 1939.

*Wylie & Warren,* for Plaintiff in Error;

*Treadwell & Treadwell,* for Defendant in Error.

CHAPMAN, J.—This case is here on writ of error to a final judgment entered against the Standard Accident Insurance Company on a fidelity bond by it issued to the Tropical State Bank of Sebring, Florida. The fidelity bond was commonly known as a banker's blanket bond and the provisions thereof were to indemnify the bank against all losses occurring to it through robbery, burglary, larceny, theft, and hold up while the property involved was in the actual possession of the officers of the bank so covered by the policy.

The case went to trial on a declaration alleging that on the 9th day of April, 1937, and while the policy was in full force and effect, the plaintiff bank lost, through theft, the sum of $2500, and at the time the money was stolen it was situated in the Teller's cage in the banking room of the banking house of the Tropical State Bank at Sebring. A copy of the bond was attached to the declaration. The defendant plead: (a) that the money was lost, not by reason of theft or larceny, but by a mysterious and unexplained disappearance not covered by the terms of the insurance policy; and (b) that the terms of the policy required affirmative proof of loss through robbery, burglary, larceny, theft, etc., and that the insured had not furnished proof of loss as required by the terms of the policy.

The transcript shows that the attorneys for the parties litigant stipulated that the case be tried before the Circuit Judge, without a jury, and pursuant to the stipulation evidence was submitted before the Circuit Judge on the issues made by the pleadings, and after hearing the evidence and argument of counsel, the Circuit Judge found for the plaintiff below for the full amount of the bond, with interest

thereon and counsel fees, and a judgment was entered pursuant to the findings; a transcript of the record was perfected, and an appeal taken from the judgment entered in the lower court.

The evidence shows that Mr. B. F. Williams was the Cashier on April 9, 1937, and was in the bank when Mr. William Waldrop, the Director-Manager of the bank, went to lunch. Mr. Williams was waiting on the customers of the bank at the Teller's window when the currency ran low and he went into the vault of the bank and took therefrom $4,000.00, consisting of five, ten and twenty dollar bills, being separately packed, which he placed on the counter in the Teller's cage about 18 inches to the left of the grilled window thereof. An aperture was in the window and at the bottom it was 3½ inches high and 8½ inches in width and the counter on which the money was resting was 3 or 3½ feet in height from the floor. When Mr. Waldrop returned from lunch he observed the bank bills on the counter and made inquiry thereof and it was then observed for the first time that the $2500 had been taken. Several customers had been in the bank during the period Mr. Waldrop was at lunch and accommodated by Mr. Williams after the money was removed from the vault and placed on the counter. That prior to the return of Mr. Waldrop from lunch, among the many customers waited on by Mr. Williams was a boy 12 or 13 years of age. The testimony further showed it possible for a person when in the lobby of the bank to reach through the Teller's window and take the money stacked on the counter which was on the counter around 18 inches from the Teller's window.

The parties litigant through counsel waived the right of trial by jury as provided for by Section 4358 C. G. L., and the issues were submitted to the Honorable W. J. Barker, a Judge of the Circuit Court, and after hearing all the evi-

dence and argument of counsel, entered a judgment for the plaintiff in the lower court. There was no evidence offered on the part of the defendant to sustain the issues in its behalf and the sole question presented to the lower court by the evidence was whether or not the plaintiff had offered sufficient testimony to make out a case. The trial court in ruling said: "I think the only reasonable inference is that the money was stolen and the demurrer will be overruled and the motion denied. There is only one reasonable inference in the case and that is that the money was stolen and any inference that it was misplaced is not as reasonable and plausible as the other one. I say that on account of the short length of time that intervened between the putting of the money there and the discovery of the disappearance, the notice that it was gone, it couldn't have been much more than an hour from the time the money was actually brought out of there and the time it was discovered it was gone, and the search being made right at that particular time; therefore I will enter a verdict for the plaintiff."

This court has read the testimony appearing in the record and heard argument of counsel for the respective parties at the bar of this Court. The authorities cited in the briefs for the respective parties have been examined and we fail to find or observe reversible error committed by the lower court during the progress of the trial of the cause. See: Miller v. Massachusetts Bonding & Ins. Co., 247 Pa. 182, 93 Atl. 320; Fidelity & Casualty Co. of New York v. Delany, 123 Md. 486, 91 Atl. 574; Reed v. American Bonding Co., 102 Neb. 113, 166 N. W. 196; Great Eastern Casualty Co. v. Boli, (Tex. Civ. App.), 187 S. W. 686; Garner v. New Jersey Fidelity & Plate Glass Ins. Co. (Mo. App.), 200 S. W. 448; McDuff v. General Accident, F. & L. Assur. Corp., 47 R. I. 172, 131 Atl. 548; Zech v. New Jersey Fidelity & Plate Glass Ins. Co., 218 Ill. App. 171;

Simond v. Liverpool & London & Globe Ins. Co., 219 Ill. App. 300; Foster v. Liverpool & London & Globe Ins. Co., 222 Ill. App. 37; Kroloff v. Southern Surety Co., 197 Ia. 1244, 198 N. W. 629; Emery v. Ocean Accident & Guarantee Co., 209 Mich. 295, 176 N. W. 566; Wolf v. Aetna Accident & Liability Co. of Hartford, Conn., 228 N. Y. 524, 126 N. E. 925; Fidelity & Casualty Co. of New York v. Wathen, 205 Ky. 511, 266 S. W. 4, 41 A. L. R. 844; National Surety Co. v. Fox, 174 Ark. 827, 296 S. W. 718, 54 A. L. R. 458.

The judgment appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

TERRELL, C. J., concurs in the opinion and judgment.

JUSTICES BUFORD and THOMAS not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.